RIPLEY *v.* PRIEST.

1. MASTER AND SERVANT — INDEPENDENT CONTRACTOR — FIRE — NEGLIGENT ESCAPE OF FIRE.

   Where defendant contracted with other persons to clear his land, at a specified sum per acre, but undertook to control the burning that was done, he was liable for the escape of fires set in a period of extremely dry weather.[1]

2. DAMAGES—INSTRUCTIONS—TRIAL—REQUESTS.

   The court's charge to the jury to go on and determine the damages, was sufficient, in the absence of any requests for further instructions, where there was evidence as to the value of plaintiff's property destroyed by fire, and the verdict was small in amount.

3. ESTOPPEL—ACTIONS—DEFENSES.

   The trial court rightly held that if defendant stated he was liable for and would pay any loss sustained by plaintiff, who brought an action in reliance on such statement, defendant was estopped to rely upon the defense that the negligence was that of independent contractors.

Error to Emmet; Shepherd, J. Submitted January 11, 1912. (Docket No. 51.) Decided March 29, 1912.

Case by Frank Ripley against George W. Priest for negligently permitting fire to escape on plaintiff's property. Judgment for plaintiff. Defendant brings error. Affirmed.

*W. S. Mesick*, for appellant.

*E. E. Gilbert*, for appellee.

BROOKE, J. This action is brought to recover damages for the destruction by fire of property on plaintiff's farm. It is alleged that defendant negligently permitted the fire

---

[1] Liability of employer for acts of an independent contractor in setting out fire, see note in 17 L. R. A. (N. S.) 788.

to escape from his premises and to invade those of the plaintiff. The case is in this court by writ of error to review a judgment in favor of plaintiff for $250.

At the close of the proofs, defendant requested the court to direct a verdict in his favor upon the ground that the clearing was being done for him, and the fire was set by one of two men, Still or Hook, under an independent contract, which relieved defendant of liability even if there was negligence in setting the fire and permitting it to escape. The refusal of this request constitutes the principal, if not the only, meritorious question in the case. Upon the trial defendant produced and read in evidence the following contract:

"Pellston, Mich., June 19, 1908.

"This is to certify that we, the undersigned, agree to clear forty acres, more or less, of land ready for the plow, and in time for fall wheat, about September 10, 1908, in a good and workmanlike manner, for the sum of $7.00 per acre. The clearing is to be done on G. A. Priest's lands, across the G. R. & I. from the Petoskey Brewery. We are to be paid in cash on an estimate based on two-thirds the work that is done, and paid every two weeks; and the balance in cash when the work is completed.

"Henry Hook.
"Charles Still,
"G. W. Priest."

Had the defendant left the conduct of the work to his employés under this contract, his liability, if it existed, would rest upon grounds which we need not here consider. The plaintiff, however, gave testimony tending to show that defendant undertook to control and direct the method of burning. He testified that back-firing was done to minimize the danger of escape upon the suggestion of defendant, and that defendant told him "that he had his hired men in there, but he could not depend on them and wanted me to look after it." A fire set some time in August had escaped control and had with great difficulty and labor been extinguished. Plaintiff had assisted in this work, and defendant had paid him for it.

The fire which damaged plaintiff was set on Thursday, October 15th, in the forenoon. It was very dry, and a high wind was blowing. At the time it was started, it was 80 rods from plaintiff's land. It soon became apparent that it was getting beyond control. Plaintiff fought it all that afternoon, then caused a notice by telephone to be sent to defendant, who resided at Pellston, some 18 miles away. Defendant replied to this notice that he would be down or send some one down the first thing in the morning, on the first train. The fire did not reach plaintiff's land until 3 o'clock on the following day. In the meantime plaintiff, with such help as he could secure from his neighbors, fought it during Thursday night and Friday, when it got beyond control. Defendant did not go to the scene of the fire, nor send any one, as he had promised.

Under the facts disclosed by the evidence in this case, we are of opinion that the learned circuit judge properly submitted to the jury the question whether the defendant, with the consent of Hook and Still, directed them how they should perform their work the same as though they were servants. If the master controls the manner of performance of the acts of which complaint is made, or even reserves the right to supervise or control, he is liable for the negligent performance of those acts. *Lake Superior Iron Co.* v. *Erickson,* 39 Mich. 492 (33 Am. Rep. 423); *Wright* v. *Manufacturing Co.,* 124 Mich. 91 (82 N. W. 829, 50 L. R. A. 495), and cases therein cited and discussed; *Central Coal & Iron Co.* v. *Grider,* 115 Ky. 745 (74 S. W. 1058, 65 L. R. A. 455, 493), and note.

Defendant assigns error on the failure of the court to properly instruct the jury as to the rule of damages. Upon this point the court said:

"Then you will go on and determine what these damages were, and that question you will consider just as carefully as you are to consider the remaining portions of the case."

169 MICH.—25.

Defendant submitted no request to charge upon the measure of damage. The plaintiff had given testimony as to the destruction of certain specified material and as to its value. The total value given by him of the property destroyed was several times greater than the amount of the verdict. In a case of such simplicity, and in the absence of a request to charge upon the subject, we cannot say that the failure of the court to instruct more fully on the measure of damage is reversible error.

Assignments of error 10, 11, and 12 relate to the instructions of the court relative to the question of estoppel. Upon this question the court charged:

"If Mr. Priest said to Mr. Ripley, in effect—it is not claimed here that he said so direct, but if in effect he said to him—'Whatever damages you have sustained, I am liable for, and I am the party to sue,' and Mr. Ripley sued Mr. Priest, relying on those statements or implied assertions, then Mr. Priest cannot come into court now and deny them. Whether he did or not is solely a question of fact for you to decide. The matter is circumstantial evidence largely—is, to a great extent, a matter of inference. But you are to decide it after a careful consideration of the testimony in the case, regarding that issue.

"Now, if you find that these two men who set this fire were independent contractors, and that Mr. Priest has not, by his actions, induced Mr. Ripley to bring the action against himself, instead of against them—if he is not estopped, in other words, as has been carefully argued by the attorneys—then he has a right to rely upon this defense; then it is your duty as jurymen to give him the benefit of it, and bring in a verdict of no cause of action.

"If, on the contrary, these men were not independent contractors, but were servants of Mr. Priest, or even if they were independent contractors, and Mr. Priest, by what he has said, induced Mr. Ripley to bring the action against himself instead of against them, and at the same time you find that these fires were negligently, carelessly set, and allowed to run over onto the premises of the plaintiff, then you will go on and determine what those damages were."

In addition to the evidence already noted upon the ques-

tion of control by defendant, the following evidence was given by plaintiff:

"Mr. Priest never told me that he had a separate contract and nobody else ever told me he had a separate contract.     *     *     *

"*Q.* Now you may relate just what that transaction was, in reference to your receiving certain pay for work that you did, and that Mr. Priest paid you—you may tell the facts to the jury.

"*A.* Mr. Mesick drew up a receipt in settlement of, in full of, all labor and damages, not just word for word, but to that effect, and I refused to sign it. I told Mr. Mesick there that I only wanted a receipt drawn up for the labor. They were only settling for the labor. That was for myself and the men I had hired to put out this fire.

"*Q.* Did you demand more than $100?

"*A.* I did. I asked for $120.

"*Q.* Then what made you accept $100, and what was said by Mr. Priest?

"*A.* Because Mr. Priest agreed to come up in the spring, as soon as the snow was off, and look at the damages, and straighten it up with me, pay me the damages, if I would take $100 there that day."

Under all the evidence, we think the question of estoppel was properly submitted. *Meister* v. *Birney,* 24 Mich. 440; *Robb* v. *Shephard,* 50 Mich. 189 (15 N. W. 76).

The other assignments of error have been examined, but, in our opinion, disclose no reason for reversal.

Judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.