OPITZ *v.* HOERTZ.

MASTER AND SERVANT — WORKMEN'S COMPENSATION LAW — INDEPENDENT CONTRACTOR.

Under an unambiguous written contract whereby a contractor agreed to superintend certain clearing work and erection of new buildings, to co-operate in purchasing material and employing men and teams, to furnish the necessary tools, to do the work according to the wishes of the owner, and to accept as compensation therefor 10 per cent. of the net cost, said contractor was an agent of the owner and not an independent contractor, and the owner and not the contractor was liable under the workmen's compensation law (Act No. 10, Extra Session 1912, 2 Comp. Laws 1915, § 5423 *et seq.*) for injuries to employees engaged in such work.[1]

Certiorari to Industrial Accident Board. Submitted October 11, 1916. (Docket Nos. 116, 117, 118, 119, 120, 121.) Decided March 29, 1917. Rehearing denied September 28, 1917.

[1]On workmen's compensation acts generally see extensive note in L. R. A. 1916A, 23.

Frieda Opitz, Frances May, Theodore Blaszak, Theresa Richter, Vernon Griffin, and Mrs. Charles Lynd presented their claims for compensation against Charles Hoertz and William C. Hoertz, copartners as Charles Hoertz & Son, and the Southwestern Surety Insurance Company, insurer, and Brown & Sehler Company for the death of certain workmen in the employ of defendants. By stipulation the claims were heard as one. From an order awarding compensation as against defendants Hoertz & Son and the Southwestern Surety Insurance Company, said defendants bring certiorari. Award set aside as to Hoertz & Son, and remanded to Industrial Accident Board for further proceedings.

*Warren, Cady, Ladd & Hill* (*Lombard, Hext & Washburn* and *Carl V. Essery,* of counsel), for appellants.

*Ellis & Ellis,* for appellee Opitz.

*Thompson & Temple,* for appellee May.

*Roland J. Cleland* (*Earl F. Phelps,* of counsel), for defendant Brown & Sehler Co.

BIRD, J. The manufacturing plant of Brown & Sehler Co., of Grand Rapids, was destroyed by fire on January 15, 1915. Soon thereafter Mr. Brown, of Brown & Sehler Co., had some conversation with Wm. Hoertz of Charles Hoertz & Son, contractors, about clearing the site and the erection of new buildings. As a result of this conversation a written proposition by Hoertz & Son was submitted to Brown & Sehler Co. as follows:

"We hereby propose to superintend and furnish a superintendent for the clearing of your site, and any new buildings you will build immediately for ten per cent. of the actual cost of the labor and new material required in construction. It is the understanding that

we are to co-operate with you in the purchase of any new materials and work in accordance with your wishes, or the hiring of teams and men. This proposition carries with it that Hoertz & Son will furnish all of the necessary tools required to carry on this work in first class shape, and that the owner pay the bills and that the ten per cent. is figured from the net cost price."

The proposition was accepted by telephone and the work of clearing away the débris commenced on the morning of February 1, 1915. The work had progressed only a few hours when a portion of one of the walls collapsed, killing and injuring several workmen. The several claimants named in this proceeding filed claims with the board of arbitration, and by stipulation of counsel it was agreed that the proofs taken should be applied to all of the claims.

The right of claimants to an award does not seem to have been questioned before the board. The question contested was as to which defendant was liable. Defendant Brown & Sehler Co. took the position that Hoertz & Son stood in the relation to them of independent contractors and were the employers of the men, and therefore liable. Hoertz & Son combated this theory, and insisted that Brown & Sehler Co. was the employer, and that they were its servants and agents. After hearing the testimony the board of arbitration to which an appeal was taken decided that Charles Hoertz & Son were independent contractors, and therefore fixed the liability upon them. This presents the sole question in the case.

The written proposition heretofore referred to is plain and unambiguous, and embodies the entire contract between the parties. It is therefore this contract which must determine the relation of parties. *Wright* v. *Manufacturing Co.*, 124 Mich. 91 (82 N. W. 829, 50 L. R. A. 495) ; *Larsen* v. *Telephone Co.*, 164 Mich. 295, 299 (129 N. W. 894) ; *Ripley* v. *Priest*, 169

Mich. 383 (135 N. W. 258) ; *Bissell* v. *Ford,* 176 Mich. 75 (141 N. W. 860) ; *Tuttle* v. *Lumber Co.,* 192 Mich. 385 (158 N. W. 875). An independent contractor is defined as:

"One who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work." 26 Cyc. p. 1546.

By the contract between the parties Charles Hoertz & Son agreed:

(*a*) To superintend the work of clearing the site and erecting new buildings.

(*b*) To co-operate with Brown & Sehler Co. in purchasing material and employing men and teams.

(*c*) To furnish the necessary tools to properly carry on the work.

(*d*) To do the work in accordance with the wishes of Brown & Sehler Co.

(*e*) To accept as compensation therefor 10 per cent. of the net cost of labor and materials.

This left the reserved power in Brown & Sehler Co. to determine when the work should begin, how rapidly it should progress, and to stop the work at any stage if they chose to do so. It was left with Brown & Sehler Co. to determine what buildings should be erected, whether they should be large or small, how much they should cost, of what material they should be constructed, and when once decided, to purchase the materials therefor. It was left to Brown & Sehler Co. to employ the men and teams if they chose, and to agree with the men on a price to be paid for their labor and to pay them. Under this division of authority and responsibility only one conclusion can be arrived at, and that is that Charles Hoertz & Son were the agents and servants of Brown & Sehler Co. When we apply the foregoing test as to what constitutes an independent

contractor, we find nothing in the obligations of Charles Hoertz & Son as defined by the contract which would characterize them as independent contractors. Their contract did not authorize them to do the work according to their own methods, but instead obligated them to do it in accordance with the wishes of Brown & Sehler Co. Their contract did not leave them free to select the means by which the work should be accomplished; neither were they obligated to bring about any specific results.

Considerable stress is laid upon the fact that Charles Hoertz & Son actually employed the labor and directed it, and that before commencing the work they posted the notice which the compensation act requires. If the contract between the parties were in doubt or was ambiguous, these acts would be helpful in determining what their agreement was, but no such doubt exists here. Brown & Sehler Co. reserved the right to employ the laborers, and at any stage of the work they could have discharged the laborers employed by Hoertz & Son and employed labor of their own selection. They reserved the right to control that question, and as was said in *Tuttle* v. *Lumber Co., supra:*

"It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between independent contractor and a servant or agent."

The conclusions reached by the board of arbitration must give way to this construction. The awards against Charles Hoertz & Son must be set aside with the right to tax their costs against the defendant Brown & Sehler Co.

'he case will be remanded to the industrial accident board for further proceedings.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.