BROWER *v.* W. H. ISGRIGG & SON.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INDEPENDENT CONTRACTOR—EVIDENCE—SUFFICIENCY.

Although plaintiff was an independent contractor to furnish all the labor necessary to do the metal lathing on a school building, evidence that at the time he was injured he was engaged in putting in metal sills on the window heads, work not included in his contract, for which he was paid by the hour, *held*, sufficient to sustain the finding of the industrial accident board that at the time he was injured he was not an independent contractor, but was an employee and therefore entitled to compensation under the workmen's compensation act; and the fact that he had engaged another to help him put in said sills is not conclusive that he was an independent contractor.

Certiorari to Industrial Accident Board. Submitted October 11, 1921. (Docket No. 91.) Decided December 22, 1921.

Joseph Brower presented his claim for compensation against W. H. Isgrigg & Son, a copartnership, for accidental injuries in defendant's employ. From an order awarding compensation, defendant and the State accident fund, insurer, bring certiorari. Affirmed.

*Kerr & Lacey,* for appellants.

*Robert D. Heitsch,* for appellee.

WIEST, J.     This case brings up the sole question of whether plaintiff was performing work as an independent contractor at the time he was injured. The industrial accident board found he was not. Plaintiff

For authorities determining whether or not a person is an independent contractor or an employee within the meaning of workmen's compensation acts, see notes in L. R. A. 1916A, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206.

took over a contract under which he was to furnish all labor necessary and do the metal lathing in connection with a certain school building, and was to be paid for all straight work such as ceilings and walls 10½ cents per square yard, the price to include metal lath bent down on walls directly in connection with straight ceilings and walls, and for placing bent metal strips for other places separate from ceilings and walls 3½ cents per lineal foot, and for placing corner beads on stud partitions and other places in connection with wood 3 cents per lineal foot, and for securing the same to masonry 5 cents per lineal foot.

At the time he was injured he was engaged in putting "metal sills on the window heads." Plaintiff testified that there was nothing in the contract covering that work and he was employed to do it and it was agreed between himself and the defendant contractor that his work in that respect should be paid for at the rate of $1.37½ per hour.

Isaac Jefferson Isgrigg, one of the partners in defendant copartnership, testified as follows:

"Q. You had some talk with Mr. Brower about certain work not being included in the contract and that it would be necessary to do that before he did so, didn't you?

"A. Mr. Brower called my attention to that arrangement.

"Q. And he called your attention to the fact that there was certain parts of this work that were not covered by the whole contract?

"A. Yes, he mentioned that.

"Q. You talked that over with him?

"A. I agreed to pay him $1.37½ an hour for such things as he considered that would not come under this contract."

It is clear that all work falling within the contract first mentioned was to be performed by plaintiff as an independent contractor, but this did not bar other relations respecting work not within the contract.

Counsel for defendants urge that the question of whether the work he was so doing was within the contract was solely a question of law and admitted of no testimony that it was not covered by the contract. It appears that the parties themselves treated the work as outside the contract. But regardless of that, we are of the opinion that the question of whether the work being done by plaintiff at the time he was injured was within the contract was one of law and fact; the construction of the contract being a question of law, and what plaintiff was doing and whether such work came within the contract a mixed question of law and fact. The facts, as found by the board, are conclusive and admit of the law applied.

It is urged that, plaintiff having engaged one Phelps to help on the hour work, such fact tends to show he was an independent contractor. Such fact sometimes is an aid upon the question, but not necessarily controlling, and, considered with the other evidence, leads us to attach no controlling importance thereto.

The award is affirmed, with costs to plaintiff.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.