DOMINIC v. FAUCETT.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EM-
PLOYER'S REPORT OF COMPENSABLE ACCIDENT PRIMA FACIE EVI-
DENCE OF EXISTENCE OF RELATION OF EMPLOYER AND EMPLOYEE.

A report of a compensable accident made out and sent to the
department of labor and industry by an employer is *prima
facie* evidence that the relation of employer and employee
existed between the employer and the injured workman, and
said evidence continues in force until overthrown by other
evidence.

2. SAME—RIGHT OF CONTROL OVER EMPLOYEE DETERMINES RELATION
—INDEPENDENT CONTRACTOR.

One who, with another, engaged to cut and swamp all mer-
chantable logs from a certain strip of land, to pay a dollar
a day for his board, and to pay for the use of tools furnished
by the employer, was an employee rather than an independent
contractor, where the employer had the right of control over
the employee, notwithstanding he had a definite strip of land to
cut off, his hours were not fixed except that he was expected
to do a fair day's work, and he was paid by the piece; and
therefore an award of compensation under the workmen's
compensation act for injuries received while so employed was
justified.

Certiorari to Department of Labor and Industry.
Submitted October 23, 1928. (Docket No. 157 Cal-
endar No. 33,960.) Decided January 7, 1929.

Matt Dominic presented his claim for compensa-
tion against Franklin Faucett for an accidental in-
jury in defendant's employ. From an order award-
ing compensation, defendant and the Southern
Surety Company, insurer, bring certiorari. Af-
firmed.

As to who is an employee within the meaning of Workmen's Com-
pensation Acts, in general, see annotation in L. R. A. 1916A, pp. 115,
242; L. R. A. 1917D, 145; L. R. A. 1918F, 201.

*H. J. Rushton* (*Denis McGinn,* of counsel), for appellants.

*Ryall & Frost,* for appellee.

Clark, J. In this workmen's compensation case, where an award to plaintiff is reviewed on certiorari, the question is whether plaintiff was an employee or an independent contractor.

Plaintiff and another man were shown by defendant Faucett a strip of land, sufficiently described, from which they were to cut and to swamp all merchantable logs, at a certain price per log. Plaintiff was to pay a dollar a day for his board at defendant's camp, and he was to pay for the use of tools furnished him by defendant. Plaintiff and his companion accepted the work. Plaintiff was injured when he had worked nearly two days. Mr. Faucett made out and sent to the department the usual form "report of compensable accident," which is clearly and wholly to the effect that plaintiff was an employee.

The facts chiefly stressed as tending to show independent contract are that plaintiff had a definite strip to cut off; that his hours were not fixed except that he was expected to do a fair day's work, and that he was paid by the piece.

The first matter in plaintiff's behalf is the report of the accident, which is *prima facie* evidence that there was the relation of employer and employee. This evidence continues in force and in being until it is overthrown by other evidence. 31 Cyc. p. 1172. The department found in effect that it was not overthrown, for which there is support in the record. The finding that Mr. Faucett had such right of control over plaintiff as is characteristic of the relation of employer and employee likewise has support in

the record. The control here was not merely as to results. Mr. Faucett had the right to discharge plaintiff if he did not do a fair day's work, and if his work was not satisfactory. Also, the contention was not made, and the evidence would be against it, that plaintiff might employ others to do the work assigned to him. It is not necessary further to review the evidence. The facts found by the department are supported by the record, and warrant the conclusion that plaintiff was an employee. *Tuttle* v. *Embury-Martin Lumber Co.*, 192 Mich. 385 (Ann. Cas. 1918C, 664); *Opitz* v. *Hoertz*, 194 Mich. 626; *Warner* v. *Hardwood Lumber Co.*, 231 Mich. 328.

Affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, MC-DONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.