BEGOVAC *v.* NORTHWESTERN COOPERAGE & LUMBER CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INDEPENDENT CONTRACTOR.

> Where, in proceedings under workmen's compensation act, testimony presented question of fact as to whether plaintiff, who was engaged to cut logs at stated sum per log, varying with size, was employee or independent contractor, finding of department of labor and industry that he was employee is final. WIEST, J., dissenting.

Appeal from Department of Labor and Industry. Submitted June 8, 1933. (Docket No. 54, Calendar No. 36,561.) Decided October 2, 1933.

Paul Begovac presented his claim against Northwestern Cooperage & Lumber Company for an accidental injury sustained while in defendant's employ. From award to plaintiff, defendant appeals. Affirmed.

*R. W. Nebel,* for plaintiff.

*G. R. Empson,* for defendant.

FEAD, J. This is an appeal from an award of compensation by the department of labor and industry. Defendant contends plaintiff was an independent contractor.

Plaintiff was a piece worker, cutting logs at a stated sum per log, varying with the size of the timber. The relationship had some of the elements of an independent contractorship, such as that plaintiff was paid by the piece; that he furnished his own

tools; that he engaged a partner to work with him; and that he was given a strip of timber to cut. *Kimberg* v. *Murray,* 233 Mich. 543; *Donithan* v. *Michigan Iron & Chemical Co.,* 227 Mich. 609. On the other hand, there were indices of the relationship of employer and employee from testimony that the camp boss required piece workers to begin work each day when the crew started, that the boss could discharge them before they had finished their strips, that if they wanted to quit they would be paid and let go, that they were moved from one strip to another or to general timber before they had finished the first, that after plaintiff was hurt the foreman would not permit his partner to get a man to help him and continue the work because there were too many logs ahead, and he placed him on other day's work, and that plaintiff had been paid compensation on a former occasion when working under similar arrangement. *Conrad* v. *Cummer-Diggins Co.,* 224 Mich. 414; *Dominic* v. *Faucett,* 245 Mich. 337.

The case presented an issue of fact for the department, and its decision is final.

Award affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, and BUTZEL, JJ., concurred with FEAD, J.

WIEST, J. (*dissenting*). On the facts stated in the opinion, plaintiff was an independent contractor. Acts of defendant after the accident cannot relate back to the time of the accident.

The order appealed from should be reversed.

CLARK, J., took no part in this decision.