BRADLEY v. REPUBLIC CREOSOTING CO.

WORKMEN'S COMPENSATION—EMPLOYER AND EMPLOYEE—INDEPENDENT CONTRACTOR—HAULING LOGS—FINDING OF DEPARTMENT.

> Finding of department of labor and industry that plaintiff, who was engaged by defendant employer to haul logs upon truck owned by plaintiff at a price per thousand feet dependent upon distance hauled and for which work he hired and paid a helper, was an employee, not an independent contractor, *held*, proper, where evidence also shows plaintiff was not engaged to haul a specified quantity, time for performance was not fixed, he could have quit or been discharged at any time, and employer made report of accident as compensable and described him as an employee and made agreed payment after injury to plaintiff although helper did the work.

Appeal from Department of Labor and Industry. Submitted June 8, 1937. (Docket No. 34, Calendar No. 39,452.) Decided September 1, 1937.

Earl Bradley presented his claim for compensation against Republic Creosoting Company, employer, and Liberty Mutual Insurance Company, insurer, for personal injuries sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*Homer H. Freeland,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

FEAD, C. J.   While hauling logs for defendant employer, plaintiff sustained an accidental injury. Defendants review an award of compensation therefor.

The sole question is whether plaintiff was an employee of employer defendant or an independent contractor.

Plaintiff was engaged by defendant employer under a written agreement which, however, was not produced. The case rests upon the testimony of plaintiff alone.

The defendant had logs at different farms. It engaged plaintiff to haul them to its plant at a price of $6 per 1,000 feet for a 20-to-30-mile haul, $7 for a 30-to-40-mile haul, and $8 for a haul of over 40 miles. Plaintiff furnished a truck and hired a helper whom he paid. After he was injured, his helper continued the work and plaintiff received the agreed payment from defendant therefor.

These are incidents of an independent contract but are not conclusive. *Begovac v. Northwestern Cooperage & Lumber Co.*, 264 Mich. 508; *Eber v. Bauer*, 252 Mich. 571; *Dennis v. Sinclair Lumber & Fuel Co.*, 242 Mich. 89; *Brower v. W. H. Isgrigg & Son*, 216 Mich. 365; *Tuttle v. Embury-Martin Lumber Co.*, 192 Mich. 385 (Ann. Cas. 1918C, 664).

On the other hand, defendant filed report of the accident as compensable and described plaintiff therein as employee. Plaintiff was not engaged to haul a specified quantity of logs; nor was a time fixed for performance of the work. He could have quit the job or could have been discharged at any time. These are indices of an employment.

The other testimony presents no definite and controlling incident of either relationship. In a general way, plaintiff's instructions were to finish hauling the logs from one farm and then go to another, and to haul as rapidly as possible. Defendant engaged others to help in loading the logs and sometimes in unloading them. It told plaintiff where to

get logs and, on delivery, where to put them in the yard. The directions were not inconsistent with employment or independent contract.

Under the testimony, it cannot be held as a matter of law that plaintiff was an independent contractor and the award must be affirmed.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.