GROSS *v.* MICHIGAN IRON & CHEMICAL CO.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — INDEPENDENT CONTRACTOR NOT ENTITLED TO COMPENSATION.

On certiorari to review an award of compensation by the department of labor and industry, under the workmen's compensation act, where it appears that plaintiff entered into a contract with defendant to cut wood from its timber according to certain definite specifications and for a fixed price per cord, plaintiff furnishing and keeping in repair his own tools therefor, and that defendant had no control over him or the men he employed, so long as the work was done according to the contract, he was an independent contractor rather than an employee, and therefore not entitled to compensation under said act for the loss of an eye while so engaged.

Certiorari to Department of Labor and Industry. Submitted April 7, 1922.   (Docket No. 45.)   Decided July 20, 1922.

Harry H. Gross presented his claim for compensation against the Michigan Iron & Chemical Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the Michigan Mutual Liability Company, insurer, bring certiorari.   Reversed, and order vacated.

*Clink & Williams,* for appellants.

McDONALD, J.   The Michigan Iron & Chemical Company operates an iron furnace and chemical plant at East Jordan, Michigan.   In its operation a large amount of wood is used, to obtain which the company contracts with men to cut it in accordance with printed specifications.   On the 2d day of July, 1920,

Independent contractors, subcontractors and their employees as employees within the meaning of workmen's compensation acts, see notes in L. R. A. 1916A, 118, 247; L. R. A. 1917D, 147; L. R. A. 1918F, 206.

Harry H. Gross, the plaintiff, was cutting wood for the company, and while so engaged, a piece of steel from a wedge flew up, hitting him in the right eye and destroying its sight.   He filed an application for compensation with the department of labor and industry, claiming that his injury arose out of and in the course of his employment with the Michigan Iron & Chemical Company.   The company denied liability on the ground that at the time of the accident the plaintiff was not in its employ, but was an independent contractor.   The board found that the plaintiff was entitled to compensation and defendants have brought the proceedings to this court by certiorari.

The only question involved is whether at the time of the accident the plaintiff was an employee of the Michigan Iron & Chemical Company, or was an independent contractor.   A brief summary of the facts appearing in the testimony shows that Mr. Gross, the plaintiff, entered into a verbal contract with the defendant to cut wood from its timber according to certain definite specifications and for a fixed price per cord.   He was also to act as a stripper, that is, he was to lay out strips for other men and was to receive five cents a cord on the wood they cut.   In reference to this, the plaintiff testified:

"*Q.* In other words, the Michigan Iron & Chemical Company turned a section of land over to you; you laid out strips and put men in there.   The more men you could get the more cords of wood they would get out and you would get five cents a cord on every cord that was cut?"
"*A.* Yes, sir."

It also appears that he was to furnish his own tools and keep them in repair; that he could go to work when he pleased and stop when he pleased; that he did not have to do the work himself but could hire others to do it for him; that the company had no

control over him or the other men so long as the work was done according to the contract.

It is claimed that *Tuttle* v. *Embury-Martin Lumber Co.*, 192 Mich. 385 (Ann. Cas. 1918C, 664), and *Van Simaeys* v. *George R. Cook Co.*, 201 Mich. 540, justify the findings of the board that plaintiff was an employee and not an independent contractor.

In *Tuttle* v. *Embury-Martin Lumber Co.*, the rule was stated that the test of the relation was the right to control, and that the facts showed that in several material ways the company supervised and controlled the work, the amount and the method of performing it.

In *Van Simaeys* v. *George R. Cook Co.*, it appeared that there was actual control of the hours of labor and every detail of the work.

In the instant case the plaintiff controlled his working hours.

"*Q.* Did the Michigan Iron and Chemical Company control the hours of your work?
"*A.* No, sir. * * *
"*Q.* You could strip all day if you cared to, or you could strip an hour or any other length of time, whatever time you worked was to suit yourself?
"*A.* Yes, sir.
"*Q.* The same was true in regard to cutting of wood, was it not, whatever you did was to suit yourself?
"*A.* Yes, sir."

He controlled the manner and means of doing the work.

"*Q.* You were given a certain strip and you went in and cut that strip to suit yourself?
"*A.* Yes, sir.
"*Q.* No one told you what trees to cut or when to cut them?
"*A.* That was our judgment about that. * * *
"*Q.* Whose tools did you use?
"*A.* My own.

"*Q.* The Michigan Iron & Chemical Company had nothing to do with the tools?

"*A.* No, sir.   *   *   *

"*Q.* You used your own means for cutting and your own judgment entirely?

"*A.* Yes, sir."

He controlled the amount of work to be done. The defendant turned over to him a strip of land. He was supposed to cut the wood from all of it, but he could stop work any time he wanted to and receive $3 a cord for what he had done. He could work regularly or, as he says, quit when he felt like it. He need not work at all but could hire others to do the work for him. Likewise, as to the stripping. He used his own judgment as to amount of work he did in that regard, and the defendant could not control him in the manner and means used in doing it. It is apparent from these undisputed facts that this is not a contract for the personal services of the plaintiff; that the defendant contracted for wood to be cut from the timber on certain specific strips in such manner and by the use of such means, and in such time as pleased the plaintiff, without direction or control by the defendant. In view of these facts, it is our judgment that there was no such right of control as to bring this case within the holdings of this court in *Tuttle* v. *Embury-Martin Lumber Co.,* and *Van Simaeys* v. *George R. Cook Co.,* but rather that it is controlled by *Zoltowski* v. *Ternes Coal & Lumber Co.,* 214 Mich. 237; *Carleton* v. *Foundry & Machine Products Co.,* 199 Mich. 148; *Gall* v. *Detroit Journal Co.,* 191 Mich. 405; *Odle* v. *Charcoal Iron Co.,* 217 Mich. 469, and cases therein cited.

The plaintiff was not an employee but an independent contractor; therefore, the award is vacated.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.