CONRAD *v.* CUMMER-DIGGINS CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — DE-CEASED AN EMPLOYEE AND NOT INDEPENDENT CONTRACTOR.

In proceedings for compensation for the death of an employee under the workmen's compensation act, where defendant employed deceased to work for it loading cars of wood, not of any definite number, it furnishing the wood,

On questions relating to independent contractors, subcontractors, and their employees, see notes in L. R. A. 1916A, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206.

the cars, and the track, and directing where he should work from time to time, and paying him $1.50 per car, he was an employee within the meaning of said act, rather than an independent contractor.

2. Same—Compensation—Award Reduced.
   An award of $14 per week for 300 weeks, *held*, not justified, where the evidence shows that deceased's average daily wage was $3.18, and the case is remanded for reduction of the award to 60 per cent. of the average weekly wage or $11.45 per week.

Certiorari to Department of Labor and Industry. Submitted June 7, 1923. (Docket No. 57.) Decided October 1, 1923.

John Conrad and another presented their claim for compensation against the Cummer-Diggins Company for the accidental death of their father in defendant's employ. From an order awarding compensation, defendant brings certiorari. Modified and affirmed.

*Fred C. Wetmore,* for appellant.

*Cornelius Hoffius* and *Dorr Kuizema,* for appellees.

McDonald, J. The Cummer-Diggins Company is engaged in the business of manufacturing lumber and other products in the city of Cadillac, Michigan. In connection with its other business it operates a chemical plant in which it uses a large amount of 4-foot wood. This wood is cut and loaded on cars in the woods and hauled to Cadillac over a logging railroad owned and operated by the company. On the 3d day of May, 1922, Waddy Conrad, father of the plaintiffs, was engaged in loading this wood on defendant's cars for a stipulated price of $1.50 per car. While attempting to block one of the loaded cars, which had started to move down the track, he fell in front of it and was killed. A claim for compensation was filed

by sisters of John Conrad and Ben Conrad, who are minor sons of the deceased. The company denied liability on the ground that deceased was not an employee but an independent contractor. From an award allowing compensation the defendant has brought the proceedings to this court for review upon certiorari.

The record presents two questions.

*First.* Was deceased at the time of the accident an employee or an independent contractor?

*Second.* If plaintiffs were entitled to compensation was the proper amount awarded?

The question of distinction between an employee and an independent contractor has been before this court so frequently that the rules by which it may be determined are now very definitely understood. In the case of *Zoltowski* v. *Ternes Coal & Lumber Co.*, 214 Mich. 231, Justice WIEST said:

"The holdings of this court upon the question of what constitutes an independent contractor are epitomized in 26 Cyc. p. 1546:

"'An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to control by his employer as to the means by which the result is to be accomplished, but only as to the result of the work. Generally the circumstances which go to show one to be an independent contractor, while separately they may not be conclusive, are the independent nature of his business, the existence of a contract for the performance of a specified piece of work, the agreement to pay a fixed price for the work, the employment of assistants by the employee who are under his control, the furnishing by him of the necessary materials, and his right to control the work while it is in progress except as to results.'"

In arriving at a correct conclusion as to the relations between the company and Mr. Conrad at the time of the accident, it will be necessary to measure the facts by the rules above stated. If the deceased

was. an independent contractor the company would have a right of control only as to the results of the work, a right "to have the results in accordance with the contract." Any other control would be evidence of the relation of employer and employee.

Did the company exercise any control of the work while it was in progress? All of the company's operations in the woods at this point were in charge of a Mr. Curtis, who was known as the walking boss. Mr. Rogalewski, who was working with Conrad at the time of the accident, testified:

"*Q.* During the three weeks, did anybody tell you what to do and did anybody come there to make any observations and give any orders around there?

"*A.* The only boss we had was Mr. Curtis. Everywhere he wanted to shift us he would tell us.

"*Q.* And did he shift you from different places?

"*A.* Time after time.

"*Q.* He would come and say, go there to such a place?

"*A.* He said go over such a section after dinner, or so on.

"*Q.* Then you would go there and load these cars?

"*A.* We would load so many cars until we were told to go somewhere else or unless we ran out of wood entirely, then we would have to go some other place.

"*Q.* What was Mr. Curtis' position?

"*A.* I don't know, he was supposed to be walking boss, as far as I know. *   *   *

"*Q.* Well, between you and Conrad, did you work under his orders and directions, or did you simply work together?

"*A.* We simply worked together, but he took the lead always.

"*Q.* What do you mean by taking the lead?

"*A.* He is the only one, when Mr. Curtis wanted to change, he would tell Mr. Conrad and we would go. Of course, I did not have anything to do with that part."

The right to shift him from place to place before he had completed the loading of the wood at that

point is evidence of control during the progress of the work, and is not consistent with the service of an independent contractor. It is evidence which the board might properly consider as tending to establish the relationship of employer and employee. Other evidence is found in the fact that deceased had no contract "for the performance of a specified piece of work." He was not employed to load one car or two cars or any definite number. He was merely engaged in loading the wood as it was furnished. The company could stop furnishing it at any time and terminate his services. In this respect it controlled the amount of work he should do. In fact, so far as any control was necessary, it was exercised by the company. The deceased was engaged in the simple operation of loading wood into cars with his hands. He required no other tools and furnished none. The company furnished everything that was necessary for the purpose of accomplishing the work. It provided the wood, the cars and the track and directed the men where to work. Nothing else was necessary to the performance of the work.

Counsel for the defendant urges as evidence against the relation of employer and employee that the deceased had a right to hire a substitute or an assistant. The claim is hardly borne out by the record, although there is some evidence upon which to base it. It appears that Rogalewski and Conrad were friends; that they had previously worked together for the company cutting wood, and that Conrad secured permission from the walking boss to have Rogalewski transferred to the job of assisting him in loading. Through an arrangement between themselves, they worked together, and the compensation was divided between them. This circumstance is not very strong evidence that he exercised the right to employ assistants.

In support of his claim that the deceased was an independent contractor, counsel for the defendant cites and relies on the following cases: *Zoltowski* v. *Ternes Coal & Lumber Co.,* 214 Mich. 231; *Perham* v. *American Roofing Co.,* 193 Mich. 221.; *Gall* v. *Detroit Journal Co.,* 191 Mich. 405 (19 A. L. R. 1164); *Carlton* v. *Foundry & Machine Products Co.,* 199 Mich. 148 (19 A. L. R. 1141); *Odle* v. *Charcoal Iron Co.,* 217 Mich. 469; *Gross* v. *Michigan Iron & Chemical Co.,* 219 Mich. 200.

As showing that deceased was an employee, counsel for the plaintiffs cite *Tuttle* v. *Embury-Martin Lumber Co.,* 192 Mich. 396 (Ann. Cas. 1918C, 664); *Lewis* v. *Detroit Vitrified Brick Co.,* 164 Mich. 489; *Van Simaeys* v. *George R. Cook Co.,* 201 Mich. 540.

Applying the rules enunciated in these cases, we think there was some competent evidence to sustain the finding that at the time of the injury Conrad was an employee of the Cummer-Diggins Company.

Was the proper amount of compensation awarded? The commission awarded a total compensation of $14 per week for 300 weeks. There is nothing in the findings to show how they arrived at that amount. In the language of counsel for the defendant, "We are not acquainted with any mathematical process by which the available facts can be made to produce any such result." The average daily wage is the basis for calculating the amount of the compensation. The company's books show that the two men together loaded 89 cars in 21 days, for which they received $133.50. Conrad's share of this was $66.75. Dividing this by 21, the result shows an average daily wage of $3.18. Multiplying this by 6 shows a weekly wage of $19.08, 60 per cent. of which is $11.45. The amount of weekly compensation should be computed on this basis.

The case will be remanded and the amount of the award reduced in accordance with this opinion. Neither party will have costs.

CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred with MCDONALD, J.

WIEST, C. J., and FELLOWS, J., concurred in the result.