POLKA *v.* LYNCH TIMBER CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INDEPENDENT CONTRACTOR.

> One engaged to cut logs at a certain price each, who furnished and repaired his own tools, set his own hours of labor, hired whatever help he desired, was under no control or direction as to what trees he should cut, and exercised his own judgment and pursued his own methods in doing the work, was an independent contractor rather than an employee and therefore his dependents were not entitled to compensation under the workmen's compensation act for his accidental death while felling a tree.

Certiorari to Department of Labor and Industry. Submitted April 23, 1924. (Docket No. 119.) Decided July 24, 1924.

Mary Polka and others presented their claim for compensation against the Lynch Timber Company for the accidental death of their decedent in defendant's employ. From an order awarding compensation, de-

For authorities discussing the question as to whether independent contractors, sub-contractors and their employees are employees, as employees within the meaning of workmen's compensation acts, see notes in L. R. A. 1916A, 118, 127; L. R. A. 1917D, 148, L. R. A. 1918F, 206.

fendant brings certiorari. Reversed, and order vacated.

*McDonald & Kaltz,* for appellant.

*Thomas J. Green* and *Herbert W. Runnels,* for appellees.

STEERE, J.   The commission of the department of labor and industry awarded compensation to plaintiffs under the workmen's compensation act for the death of John Polka who was killed by a tree which he was cutting down falling upon him.   The award was made on the theory that Polka was an employee of D. J. McDonald, a subcontractor of the defendant, Lynch Timber Company.   At the time of the accident Polka was cutting logs for McDonald by the piece at an agreed price per log.   He was living at home, the tract of timber he was cutting being about two miles from where he lived.   He furnished and repaired his own tools, set his own hours of labor, began and quit work when he saw fit, could hire whatever help he desired, was under no control or direction as to what trees he should cut beyond the tract in which he should operate, exercised his own judgment and pursued his own methods in doing the work.   It was customary for two men to work together in cutting logs and Polka had a man named Ozak working with him. McDonald knew Ozak was working there with Polka but had nothing to do with his hiring, or engagement for that work.   Polka's compensation depended entirely upon the number of logs he cut at their contract price of 12 cents per log.   His work consisted of cutting down trees of log size and cross-cut sawing the trunks into log lengths.

The commission cites in support of its ruling that he was an employee of McDonald, *Conrad* v. *Cummer-Diggins Co.,* 224 Mich. 414.   The underlying principle

which distinguishes that case from this is there plainly pointed out as follows:

"If the deceased was an independent contractor the company would have a right of control only as to the results of the work, a right 'to have the results in accordance with the contract.' Any other control would be evidence of a relation of employer and employee."

The court then pointed out facts which do not exist here from which the conclusion was reached that—

"there was some competent evidence to sustain the finding that at the time of the injury Conrad was an employee of the Cummer-Diggins Company."

All that the parties contracted for here was results in accordance with the contract, which was for logs cut from the standing timber. The distinction is also clearly stated in *Gross* v. *Michigan Iron & Chemical Co.*, 219 Mich. 200, as follows (quoting from the syllabus):

"Where it appears that plaintiff entered into a contract with defendant to cut wood from its timber according to certain definite specifications and for a fixed price per cord, plaintiff furnishing and keeping in repair his own tools therefor, and that defendant had no control over him or the men he employed, so long as the work was done according to the contract, he was an independent contractor rather than an employee, and therefore not entitled to compensation under said act—"

The *Gross Case* is analogous in essential facts and controlling in the instant case.

The decision of the commission is therefore reversed and the award set aside.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.