BRANNAN *v.* FISHER BODY CORP.

1. WORKMEN'S COMPENSATION—BURDEN OF PROOF—DURATION OF DISABILITY.

On petition to stop compensation, burden of showing cessation of disability resulting from accident is on employer, but where injured employee is making first application for compensation, his burden is to show nature and extent of injury and that it has extended to time of his application, if such is the fact.

2. SAME—FINDING OF DEPARTMENT—DURATION AND CAUSE OF TOTAL DISABILITY.

In proceeding by employee to recover compensation for injury sustained nearly five years prior to application, finding of department that duration of total disability due to accident was but ten weeks thereafter although plaintiff was still totally disabled from other causes at time of hearing *held,* supported by competent, expert testimony.

3. SAME—CERTIORARI—CONTROLLING ISSUE OF FACT.

On appeal in nature of certiorari from department of labor and industry, Supreme Court is bound by finding of department on controlling issue of fact where it is supported by competent testimony.

Appeal from Department of Labor and Industry. Submitted June 4, 1936. (Docket No. 60, Calendar No. 38,810.) Decided September 2, 1936.

Dixie C. Brannan presented his claim against Fisher Body Corporation and General Motors Corporation for compensation for accidental injuries sustained while in defendants' employ. From alleged insufficient award, plaintiff appeals. Affirmed.

*C. Earl Currah,* for plaintiff.

*J. G. Stevenson* and *E. C. McDonald,* for defendants.

NORTH, C. J. Plaintiff, asserting that he sustained an accidental injury arising out of and in the course of his employment with defendant on March 31, 1929, filed a petition for adjustment of compensation in December, 1933. This belated petition was the first notice to the department of labor and industry that plaintiff had been accidentally injured. The deputy commissioner found plaintiff was totally disabled for a limited period and accordingly awarded him compensation for total disability for a time specified. We quote from the deputy's award:

"The deputy commissioner further finds that plaintiff has been totally disabled since April 2, 1929, but that plaintiff's disability after the expiration of 10 weeks from April 2, 1929, and plaintiff's present disability are not due to the accident."

On plaintiff's application the award was reviewed by the department and affirmed. Plaintiff has appealed in the nature of certiorari. The first and controlling issue as set forth in his brief reads as follows:

"Do the facts in this case justify a finding of the department of labor and industry terminating compensation 'for total disability' 'ten weeks from the 2d day of April, 1929,' after finding that total disability still exists?"

The gist of appellant's contention is that since the department found plaintiff was totally disabled by the accident and that he is still totally disabled, the burden was upon the defendant to show when plaintiff's total disability resulting from the accident ceased, and that there was no competent testimony covering this phase of the case. If this were an application to stop compensation, plaintiff's contention as to the burden of proof would be correct. But

in a proceeding wherein the injured person is making his first application for compensation, the burden is upon him to show the nature and extent of his injury, including a showing that it has extended to the time of his application for compensation, if such is the fact.

But entirely apart from the question of burden of proof, the record in this case contains testimony which clearly presented an issue of fact for the department to determine as to the period during which plaintiff's injury caused his disability. The injury which plaintiff sustained was a bruise on the right leg below the knee. The testimony is in conflict as to the exact location. There is testimony that the skin was broken and that blood flowed rather freely from the injury. He was treated by defendant's first aid department and for some time thereafter by his own physician. His limb was in a bad condition at the time of his application for compensation, nearly five years subsequent; but there is abundance of testimony tending to show that his then condition was due to varicose veins, varicose ulcers, arteriosclerosis and a diabetic condition. At the time of the hearing before the deputy commissioner plaintiff had an ulcer on his right leg, but his own physician, Dr. Hackett, called by plaintiff as a witness, testified that this ulcer was not in the same position as the open sore caused by the accident for which the doctor had treated plaintiff. Dr. Hackett, referring to his examination of plaintiff shortly after the accident, testified in part as follows:

"*Q.* He did have arteriosclerosis?

"*A.* Yes, sir.

"*Q.* That was when you examined him early in the proceeding?

"*A.* Yes, sir.

"*Q.* Did you in any way attribute this varicosity in the leg to this arteriosclerosis?

"*A.* I did. * * *

"*Q.* Did you find any senile changes when you examined him at any time during your examination?

"*A.* Well, I found some evidences of senility. He had arteriosclerosis. * * *

"*Q.* How long did it take that ulcer on the leg to heal?

"*A.* I don't remember definitely but I think it was three months; two or three months. * * *

"*Q.* And you also found that the man had varicose veins when you first examined him?

"*A.* Yes, sir.

"*Q.* So, you didn't attribute the varicose veins to the injury that he had the day before you made this examination, did you?

"*A.* No, sir.

"*Q.* Nor did you attribute the diabetic condition to the injury that he had, did you?

"*A.* No, sir.

"*Q.* And you didn't attribute the arteriosclerosis in any way to the injury that he had, did you?

"*A.* No. * * *

"*Q.* What do you attribute the condition of the left leg; the varicosity is there and there is no injury at this time (of hearing) to the left leg?

"*A.* The varicosity is the physical condition.

"*Q.* And wouldn't you—isn't it only fair to attribute varicosity on the other leg to his physical condition, to a very large extent?

"*A.* Yes, part of it. * * *

"*Q.* You attribute the varicosity in the right leg to this injury that he claimed he had on the 31st of March, 1929?

"*A.* No, sir.

"*Q.* The injury would not have anything to do with the varicose veins, would it?

"*A.* No, sir. * * *

"*Q.* If varicosity did not;—does not cause disability, what then caused it?

"*A.* From the ulcer.

"*Q.* This ulcer on the shin bone which he had covered with the dressing, that is a new ulcer, isn't it?

"*A.* It is new to me. * * *

"*Q.* This is an entirely new ulcer up here, isn't it, the one on the shin bone?

"*A.* I don't recall seeing that ulcer before.

"*Q.* You never saw it before today?

"*A.* Not that I can remember. * * *

"*Q.* And the old ulcer you found when you first examined him the first of April, 1929, that has entirely disappeared, hasn't it?

"*A.* The area seems to have disappeared, to my recollection. * * *

"*The Commissioner:* But this (ulcer) which you first found has cleared up?

"*A.* As I recall it, that ulcer cleared up altogether."

There was other expert testimony to the effect that none of plaintiff's various ailments at the time of the hearing were the result of the accident and that the ulcer then upon his right limb was a normal varicose ulcer and such ulcers usually followed such combinations of diseases as varicose veins, arteriosclerosis and diabetes; and that plaintiff's impaired earning capacity was due to old age and his various disabilities.

Clearly the record presented competent and material testimony on the controlling issue of fact which was determined both by the deputy commissioner and by the department upon review in the manner above indicated. On this appeal in the nature of certiorari we are bound by such determination. The award is affirmed, with costs to appellee.

FEAD, WIEST, BUSHNELL, SHARPE, and TOY, JJ., concurred. BUTZEL and POTTER, JJ., did not sit.