GROSE *v.* KRATZER FURNACE CO.

1. WORKMEN'S COMPENSATION—PLACE OF ACCIDENT—HERNIA—QUESTION OF FACT—EVIDENCE—QUESTIONS REVIEWABLE.

 Whether or not accident, which aggravated a pre-existing hernia and resulted fatally, occurred while deceased was at home or while repairing a furnace at request of defendant *held*, question of fact, decision of which by the department of labor and industry will not be disturbed on appeal where record presents competent evidence in support of department's finding.

2. SAME — FURNACE REPAIRMAN — CONTROL BY DEFENDANT — INDEPENDENT CONTRACTOR.

 Deceased furnace repairman who called at company's place of business each morning to ascertain if there was work to do, received an assignment if there was a job and he had first reported, was supplied with necessary materials to do the work, instructions given as to location of the work and what was to be done, whose work was inspected by defendant's representative and paid for at pre-arranged schedule of prices, *held*, an independent contractor where it is shown he was paid so much for the job regardless of time necessary to accomplish result, hiring, choice and payment of assistant was matter for his determination and work was not regular, since defendant did not exercise such control as to make deceased an employee within meaning of workmen's compensation act.

Appeal from Department of Labor and Industry. Submitted June 18, 1937. (Docket No. 102, Calendar No. 39,526.) Decided September 1, 1937.

Mary Grose, widow, presented her claim for compensation against Kratzer Furnace Company, employer, and General Accident Assurance Corporation, insurer, for fatal injuries sustained by Otto Grose, her husband, while in defendant's employ.

Defendants review award to plaintiff by appeal in the nature of certiorari. Reversed.

*S. Gerard Conklin,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

Chandler, J.   Defendants seek review by certiorari of an award of compensation by the department of labor and industry to plaintiff, widow of Otto Grose, deceased.

The defendant, Kratzer Furnace Company, is engaged in the business of selling, installing and repairing furnaces and other heating equipment. Otto Grose repaired furnaces for defendant and had been so engaged for some time prior to January 18, 1936, the date of the accident in question.   The record presented shows that Grose did not work regularly but would call at defendant's place of business in the morning to ascertain if there was any work for him to do.   If there was a repair job to be performed it might be assigned to Grose or some other repairman depending upon who first reported for work, defendant pursuing a policy of "first come, first served" in the distribution of its work.   If a particular job was given to deceased, the necessary materials for repairs were furnished by defendant and he was instructed as to the location of the work and what was to be done.   He was paid so much for each job regardless of the time necessary to accomplish the result.   He was free to hire an assistant, which he frequently did, but this was a matter for his determination and one in which defendant was not concerned.   At the conclusion of the work, the same was inspected by a representative of defendant and deceased was paid according to the pre-

determined schedule for the particular work performed, out of which he paid his helper, if he employed one. He used his own car and supplied the gasoline therefor in transporting himself to and from work.

It is claimed by plaintiff that on January 18, 1936, Grose, while repairing a furnace, slipped and aggravated a pre-existing hernia requiring an operation which resulted in his death a few days later. Defendants introduced evidence tending to show that the injury was sustained while deceased was at home attempting to start his automobile. The department determined that decedent sustained an injury while at work. It was a question of fact, and the record presenting competent evidence to support the finding of the department, it will not be disturbed on appeal. *Brannan* v. *Fisher Body Corp.*, 277 Mich. 139.

The more important question is whether deceased was an employee of the Furnace Company or an independent contractor.

Applying the previous decisions of this court to the facts involved in the instant case it must be concluded that he was an independent contractor and not an employee. Defendant had no control over the method or means by which the work was performed and in the absence of such control the one performing the labor is an independent contractor. *Gall* v. *Detroit Journal Co.*, 191 Mich. 405 (19 A. L. R. 1164). Deceased reported for work at his pleasure and received work in accordance with the "first come, first served" plan. He had no definite hours of employment and was not bound to report if he did not so desire. If he received an assignment, he was merely told where to go and what was to be done. While making the designated repairs he was

under the supervision of no one. He performed the work by any means or method he saw fit to choose. No definite time was established in which a job was to be completed. He was lord of his own time and it was no concern of defendant whether he consumed 10 hours on a two-hour job so long as the work was performed. No record of his time was kept by defendant. He was paid a stipulated pre-arranged price, depending upon the particular job to be performed, out of which he paid his helper, when he had one, and who was of his own choosing. It was immaterial to defendant whether he had assistants or not. Defendant häd no agreement with the helpers employed by deceased. Upon completion of the work, defendant's representative made an inspection thereof to determine if the desired result had been accomplished. This was not such control as to make deceased an employee. *Zoltowski* v. *Ternes Coal & Lumber Co.*, 214 Mich. 231.

The Furnace Company had no control, and the case falls within those decisions of this court involving similar facts and in which a like result has obtained. See *Gall* v. *Detroit Journal Co., supra; Sawtells* v. *Ekenberg Co.*, 206 Mich. 246; *Zoltowski* v. *Ternes Coal & Lumber Co., supra; Gross* v. *Michigan Iron & Chemical Co.*, 219 Mich. 200; *Polka* v. *Lynch Timber Co.*, 227 Mich. 606; *Donithan* v. *Michigan Iron & Chemical Co.*, 227 Mich. 609.

Award vacated, with costs to defendants.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.