EBERLY *v.* SANDERS LUMBER CO.

1. WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTORS.
   Decedent who was engaged to cut logs of a certain size at a certain price per thousand log feet, who furnished his tools and kept them in repair, having purchased them from the lumber company; who hired such men as were necessary to keep busy three hauling trucks, provided by the lumber company; and to whose sole determination was left method of accomplishing the work and hours and compensation of men working for him *held,* an independent contractor, not an employee of lumber company, notwithstanding on previous occa-

sions the crew had been shifted from one location to another to keep the trucks busy and men hired by decedent were paid directly by lumber company, where such payments were deducted from amount due decedent; hence his dependents were not entitled to compensation under workmen's compensation act from lumber company for his accidental death while felling a tree.

2. SAME—EMPLOYER AND EMPLOYEE RELATIONSHIP.

An incident of the employer and employee relationship is that the former controls in detail the activities of the one performing the work or, at least, has the power to do so.

3. SAME—INDEPENDENT CONTRACTORS—SCHEDULE OF PERFORMANCE.

It is not inconsistent with the usual incident of an independent contractor's employment to do a specific work or to accomplish a fixed or predetermined result without being controlled in detail as to method of accomplishment that he be required to proceed with the work on scheduled time or have task completed by a fixed date and supervision as to performance according to such schedule does not establish relation of employer and employee.

Appeal from Department of Labor and Industry. Submitted October 19, 1937. (Docket No. 59, Calendar No. 39,552.) Decided December 14, 1937.

Olga Eberly, widow, and minor children presented their claim against Sanders Lumber Company, employer, and United States Fidelity & Guaranty Company, insurer, for compensation for death of Ernest Eberly while in defendant's employ. Award to plaintiffs. Defendants appeal. Reversed.

*White & White* and *Hammerschmidt & Johnson,* for plaintiffs.

*Stearns, Kleinstuck & Stapleton* (*Payne & Payne,* of counsel), for defendants.

NORTH, J. Olga Eberly is the widow and the other three plaintiffs are minor children of Ernest Eberly,

deceased. In 1935, Mr. Eberly was engaged by the defendant, Sanders Lumber Company, to cut logs for it from a rather large piece of timber in Cass county, known as the north tract of the Runkle woods. On the 19th day of October as he finished cutting a tree a limb struck him on the head and caused his death. Plaintiffs, as dependents, filed a petition for compensation and received an award of $18 per week for 300 weeks, and $200 burial expenses. The defendant employer and the carrier of the risk have appealed.

One of the claims presented by appellants is that in cutting this timber Mr. Eberly was acting as an independent contractor, not as an employee and, therefore, the award of compensation was erroneously made. If appellants are correct in this position, it is decisive of this appeal. It appears from this record that from time to time for substantially nine years Mr. Eberly had been engaged in cutting logs for the Sanders Lumber Company, sometimes cutting a few trees which were purchased out of a given stand of timber, and at other times cutting all the trees which were large enough to come within certain requirements standing in a large tract of timber. The testimony does not disclose the terms of the agreement under which Mr. Eberly engaged to cut the logs on former occasions. Nor is the record as full and as satisfactory as might be wished as to the terms of the agreement existing between these parties at the time Mr. Eberly was working on the Runkle tract. This is due in part to the exclusion of testimony equally within the knowledge of deceased and the representative of the lumber company who employed him.* However, the following pertinent facts appear from the record. There was a separate and definite contract with deceased for cutting trees

---

* See 3 Comp. Laws 1929, § 14219.—REPORTER.

which were at least 14 inches in diameter, 14 inches from the ground then standing on this north tract of the Runkle woods. The cut of the logs was to be as long as the timber would permit and sufficient in quantity to keep three trucks provided by the defendant lumber company busy in hauling the logs. Mr. Eberly was to be paid $2 per thousand log feet. The method of accomplishing the work was clearly left for Mr. Eberly's determination. He was not required to do the work himself. In fact his son worked with him and shared with him equally in the net pay which he received for the work. Mr. Eberly also employed two other men to work on this job. He determined the extent to which he would employ these extra men and the amount he would pay them; but, apparently for convenience, the pay due these two extra men was made direct to them by checks from the lumber company, the amount of which was deducted from the total of $2 per thousand otherwise due to deceased. As to the employment of these extra men it is evident from the record it was necessitated by reason of the insistence of the defendant company that Eberly should progress with the work fast enough to keep the three hauling trucks busy. Other than this there appears to have been no control over the number of men, if any, that Eberly might employ to assist him; and the amount of their compensation was fixed by him. Further, except as was necessary to keep the trucks busy, the lumber company had no authority to interfere with the working hours of the men or the speed with which the work should progress. The tools used in this work were furnished and kept in repair by Mr. Eberly, the same being purchased by him from the lumber company. The representative and officer of the lumber company who made this agreement with Mr. Eberly, testified as follows:

"Mr. Donat, as the result of your conversation with Mr. Eberly under which you employed him, as to whether or not you considered that you had the right to fire him in connection with the work there?

"*A.* Not as long as he was doing his work all right and according to the contract."

However, it should be noted that appellee claims the foregoing testimony is impeached by that given by the same witness in litigation between these parties in the State of Indiana. In that proceeding this same witness testified:

"*Q.* Well, if you were not satisfied with his cutting you could fire him, couldn't you?

"*A.* Well, I don't know; I suppose I could but that is something we never have done."

In behalf of appellees and as tending to support their claim that Mr. Eberly was an employee, rather than an independent contractor, it is pointed out that on some occasions, but seemingly on jobs undertaken by Mr. Eberly prior to the present one, certain trees were marked by a representative of the lumber company to be cut; but this marking, so far as the testimony shows, was for the sole purpose of indicating what trees the defendant lumber company had purchased and had the right to cut. Further, on some occasions the work of the Eberly crew was shifted from one location to another to aid in keeping the hauling trucks busy. But the son of deceased who was working with him testified that it was about five or six months prior to his father's death that such an incident occurred. This must have been before the work was undertaken in the Runkle timber because Mr. Eberly was killed about three and a half months after the commencement of work on this particular job.

As this court has previously held, it is not always easy to ascertain definitely in cases of this kind whether the injured or deceased person was operating as an independent contractor or working as an employee. *Bradley* v. *Republic Creosoting Co.,* 281 Mich. 177. But in the instant case the incidents that characterize the relationship of the parties are not those of employer and employee, wherein the former controls in detail the activities of the one performing the work or at least has the power to do so; but instead we have here the characteristics of an independent contractor.

It is the usual incident of a contractor's employment that he is to do a specific work or accomplish a fixed or predetermined result, but without being controlled in detail as to the method of accomplishment. It is not uncommon that a contractor is required to proceed with the work on scheduled time or that he shall have the task completed by a fixed date. Supervision or control to the extent necessary to effect compliance by the contractor with such terms of his contract is not at all inconsistent with his status as an independent contractor, and such supervision does not indicate a relation of employer and employee. It is such a contractual relation as this that we find in the instant case. Mr. Eberly was required to do his work fast enough to keep the three hauling trucks busy; and if necessary to accomplish this he was expected to employ additional help. And likewise in attempting to accomplish this same result he may have been on some former occasions required to shift the location of his working crew. But notwithstanding these minor incidents of direction or control of this character, we think this record conclusively establishes the status of Mr. Eberly at the time of his injury as that of an independent contractor.

"One engaged to cut logs at a certain price each, who furnished and repaired his own tools, set his own hours of labor, hired whatever help he desired, was under no control or direction as to what trees he should cut, and exercised his own judgment and pursued his own methods in doing the work, was an independent contractor rather than an employee and therefore his dependents were not entitled to compensation under the workmen's compensation act for his accidental death while felling a tree." *Polka* v. *Lynch Timber Co.* (syllabus), 227 Mich. 606.

"One engaged to cut the trees on a certain strip of land, who was to furnish his own help, tools, and equipment, and receive a certain price per log, and whose methods were not subject to control *except as limited to securing the results contracted for,* was an independent contractor rather than an employee, within the meaning of the workmen's compensation act." *Kimberg* v. *Murray* (syllabus), 233 Mich. 543.

See, also, *Gross* v. *Michigan Iron & Chemical Co.,* 219 Mich. 200.

To the point that one who engages an independent contractor has the right to supervise and control the work to the extent of seeing that the contract purpose is accomplished, see *Carleton* v. *Foundry & Machine Products Co.,* 199 Mich. 148 (19 A. L. R. 1141); *Odle* v. *Charcoal Iron Co. of America,* 217 Mich. 469.

In view of our holding on the question above considered, it is unnecessary to review other issues presented by appellants. The award will be vacated, with costs to appellants.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.