BERT BAKER, INC., *v.* RYCE.

1. APPEAL AND ERROR—CONSTITUTIONAL LAW—QUESTIONS REVIEWABLE.

   Issue of constitutionality of unemployment compensation act is not considered in case where person claimed to have been an employee is held not to have been one (Act No. 1, Pub. Acts 1936 [Ex. Sess.]).

2. UNEMPLOYMENT COMPENSATION—STATUS AS AN EMPLOYEE—CONTRACT—CONTROL.

   An individual who is free from control or direction over the performance of his service, both under his contract of service and in fact, is not deemed to serve in the "employment" of another as that term is used in the unemployment compensation act (Act No. 1, § 42, Pub. Acts 1936 [Ex. Sess.], as amended).

3. SAME—SUBLESSEE'S EMPLOYEE—USED CAR DEALER'S CONTRACT REPAIR SHOP.

   Corporation, engaged in wholesale and retail used car business, which leased building from owner at a stipulated sum per month and in turn subleased it and certain equipment and furnished water and electricity to direct employers of claimant for benefits under unemployment compensation act by way of a lease whereunder no fixed rent was charged but sublessee did corporation's repair work at a base price approximately two thirds of what it would normally cost elsewhere and corporation paid sublessee weekly by lump sum for jobs done during the week *held,* not employer of claimant's employers within meaning of unemployment compensation act (Act No. 1, § 42, Pub. Acts 1936 [Ex. Sess.], as amended).

4. SAME—USED CAR REPAIR WORK—CONTRACTS—CONTROL.

   Fact that used car dealer's customers turned over their cars to dealer for repair work, dealer turned work over to claimant's direct employers on a contract basis, and customer paid dealer for the work done *held,* insufficient to establish dealer as an employer under the unemployment compensation act, the contract between the dealer and party to whom work

. was turned over not being for latter's personal services nor to control latter but only for results (Act No. 1, § 42, Pub. Acts 1936 [Ex. Sess.], as amended).

5. SAME—RESERVATION OF RIGHT TO INSPECT.

The fact that the right to inspect work contracted for is reserved does not necessarily constitute the relationship of employer and employee between the parties concerned in having work done as the term "employment" is used in the unemployment compensation act (Act No. 1, § 42, Pub. Acts 1936 [Ex. Sess.], as amended).

6. SAME—COSTS.

No costs are allowed on appeal involving determination of whether or not claimant for benefits under unemployment compensation act was entitled to receive benefits from money contributed by corporate used car dealer which had subleased building to claimant's direct employers and received a variable rent, dependent upon amount of work done by sublessee (Act No. 1, § 42, Pub. Acts 1936 [Ex. Sess.], as amended).

Appeal from Ingham; Carr (Leland W.), J. Submitted January 14, 1942. (Docket No. 52, Calendar No. 41,376.) Decided March 17, 1942. Rehearing denied May 18, 1942.

Robert Ryce, Jr., filed his claim for benefits under the unemployment compensation act. Bert Baker, Inc., a Michigan corporation, reviewed decision of unemployment compensation appeal board by appeal to circuit court in the nature of certiorari. From judgment rendered, Bert Baker, Inc., appeals. Reversed and remanded.

*Griffin, Emery & Seely* (*Robert Boyer,* of counsel), for plaintiff Bert Baker, Inc.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Florence N. Clement* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants Ryce and Michigan Unemployment Compensation Commission.

*James T. Nielsen, Albert E. Van Dusen, Monaghan, Crowley, Clark & Kellogg,* and *George M. Clark, amici curiae.*

CHANDLER, C. J.  This is an appeal from a judgment of the circuit court for the county of Ingham, affirming the findings of the appeal board and referee of the unemployment compensation commission that Robert Ryce, Jr., was an employee of appellant, Bert Baker, Inc., and entitled to benefits under Act No. 1, Pub. Acts 1936 (Ex. Sess.), as amended,[*] known as the Michigan unemployment compensation act.

The facts are not in dispute.  The question presented to us is: Under the facts presented was the claimant an employee of the appellant within the meaning of the unemployment compensation law?

Bert Baker, Inc., a Michigan corporation, is and was engaged in the used car business, doing both retail and wholesale business at Grand River and Livernois avenues in the city of Detroit.  The corporation made an agreement with one Crowley, and later an identical agreement with his successor, Chapin, who bought Crowley out, under which Crowley, and subsequently Chapin, was to do all of the repair work on automobiles as requested by Bert Baker, Inc.  This included the cars of the customers of the corporation and those solely owned by it.  Although there was no prohibition in the written contract, Crowley and Chapin did no outside work.

The building in which the repair work was done was located a short city block from the premises of the corporation and was owned by Bert Baker and Victoria Baker, his wife, and was leased to the corporation for a fixed monthly rental.  The contract

---

[*] See Comp. Laws Supp. 1940, § 8485–41 *et seq.*, Stat. Ann. 1941 Cum. Supp. § 17.501 *et seq.*—REPORTER.

between the corporation and the direct employers of claimant, Crowley and Chapin, was also in the nature of a lease. The sublessee did not pay any fixed rental, but instead it was provided that certain low base prices would be charged for the paint and bump work on cars sent to the shop by the corporation.

The base price charged by the sublessee was approximately two-thirds of what the work would normally cost elsewhere, the remaining one-third being added to make up the total price paid by appellant's customers, and set up on the books of appellant as rental income from the use of this garage. This rental income fluctuated with the amount of business sent by the corporation to the shop and was supposed to take care of the expenses that the corporation had in connection with the building. By the contract, the corporation was to pay for the electricity and water and to provide certain equipment, the balance of the equipment to be furnished by the lessee.

Sometimes the overhead charge which the corporation added in charging the customers, or as testified, on their own cars, which was charged against the value of the car on its books so as to help determine its resale price, would be more than one-third of the listed or agreed price if, the job was a small one, because it would otherwise be a losing proposition, but the rental charge approximated one-third of the agreed price. It is also true that the appellant and sublessee had to arrange a price different than the base price when a badly damaged car was sent by appellant to the paint and bump shop as only the average paint and bump job was covered in the written contract. But, in all cases, the corporation recouped the rent for the use of the garage by charging its customers in excess of the price established between it and the sublessee by contract.

At the end of each week the corporation would pay in a lump sum by check to the garage operator for the contract price of the jobs done during the week.

The unemployment compensation appeal board stated in its decision:

"It is our understanding that Bert Baker, Inc., had nothing to do with paying the wages of the claimant or the other people who were working for Crowley or Chapin; that Bert Baker, Inc., directed the work by telling Crowley and Chapin what it wanted done and Crowley or Chapin in turn carried such instructions to the men working for them; that neither Mr. Crowley nor Mr. Chapin was on the pay roll of Bert Baker, Inc., and that claimant and the other assistants of Crowley or Chapin were also not carried on the corporation pay roll."

The applicable statute defining employment is Act No. 1, § 42, Pub. Acts 1936 (Ex. Sess.), as amended, which provides, in part:

"Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commission that:

"(a) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact."

Appellant contends that the relationship above set forth does not constitute an employment of Crowley or Chapin, and, therefore, of claimant, within the meaning of the law; further, that the definition created by the statute is but a restatement of the common-law concept under which the operators were independent contractors and not in the employ of

appellant. Also, if independent contractors are considered as employees under the act, it is contended that the act is in that respect unconstitutional.

Appellant also contends that the unemployment compensation law is unconstitutional for various other reasons. As we are holding that the status here between appellant and claimant was not that of employer and employee, the issue of constitutionality is unimportant and will not here be considered.

The trial court in its opinion said:

"Apparently the referee and appeal board were inclined to the opinion that the actual arrangement was something in the nature of a subterfuge and that the relation of employer and employee actually existed as between appellant and both Mr. Crowley and Mr. Chapin."

We find nothing in the record from which such a conclusion could be drawn. In fact the conclusion we reach is to the contrary.

The appeal board found that appellant informed Crowley and Chapin what it wanted done, and they were responsible for the result. The statute makes a test of the employer and employee relationship freedom from control or direction over the performance of the service, both under the contract of service and in fact. The test is very similar to that applied by this court in *Wright* v. *Big Rapids Door & Blind Manfg. Co.*, 124 Mich. 91, 99 (50 L. R. A. 495), wherein it was stated:

"The important consideration in such cases is whether the act is one directed by the superior. If it is done by one whose work is supervised or controlled by the superior, there may be a liability; but where the person whose negligence has caused the injury has contracted only for results, and is in-

dependent and free from direction or restraint in the performance of his obligation, the superior is not liable, in a case like the present.''

In the above case this rule was applied to an instance where one Falardeau had contracted with the owner of a factory, whereby the entire first floor was given to the use of Falardeau. The owner of the factory, the company, purchased and owned all lumber that was brought upon the premises, and it contracted with Falardeau under which he was to take the lumber from the freight cars, pile it, put it in the kiln and dry it, take it thence to the mill and manufacture it into doors, and load them upon cars, at an agreed price per door. The court held that Falardeau was not an employee of the company which gave him the premises to work on and purchased his finished product at a stipulated contract price, even though it furnished him the material which he worked on.

The case at bar is almost completely analogous. Bert Baker, Inc., was lessor of the premises, contracted at a stipulated price for work done, but was interested in results only. See *McCormick* v. *Sears, Roebuck & Co.,* 254 Mich. 221; *Bacon* v. *Candler,* 181 Mich. 372; *Gall* v. *Detroit Journal Co.,* 191 Mich. 405 (19 A. L. R. 1164). In the *Gall Case* the court said:

''The right, on the part of the company, to designate the persons and places was but a right to designate the result to be obtained, and did not give the company any control over the method for obtaining the result.''

Because the customers turned over the job to appellant, who in turn gave it over to Crowley and Chapin, the customers paying the corporation for the work done, of itself, did not create a relationship

of employer and employee. In *Woodhall* v. *Irwin,* 201 Mich. 400, a similar set-up existed. The customer wanted some plaster patching done and contacted his general contractor. The general contractor billed the customer, but the work was actually done by one who undertook to do everything connected therewith, to furnish the help and materials, to do and complete the job according to his own methods, he keeping an account of the materials used and the time of the men who he employed and paid, and this court held he was not the employee of the general contractor.

The contract between the corporation and Crowley and Chapin did not provide for the personal services of Crowley or Chapin, but only for results. In *Carleton* v. *Foundry & Machine Products Co.,* 199 Mich. 148 (19 A. L. R. 1141), we said:

"Here the contract did not require the personal services of Carleton. He might work or not as he saw fit. The defendant had no say on that subject, no right of control over him or his time, or his movements. He could go or come as he saw fit. He contracted to produce results through means and men chosen by him, and did not contract for his personal services."

Even the fact that the right of inspection is reserved does not necessarily constitute an employer and employee relationship. See *Jacobson* v. *Weidman Lumber Co.,* 246 Mich. 189, at page 190, where *Odle* v. *Charcoal Iron Co.,* 217 Mich. 469, and *Donithan* v. *Michigan Iron & Chemical Co.,* 227 Mich. 609, are cited. And see *Eberly* v. *Sanders Lumber Company,* 282 Mich. 315.

Claimant was not furnished steady employment by Crowley and Chapin, for they in turn had no guarantee of how many cars would be turned in by

the corporation. In *Grose* v. *Kratzer Furnace Co.,* 281 Mich. 161, where a furnace repairman who called at a company's place of business each morning to ascertain if there was work to do, received an assignment if there was a job and he was the first to report, was supplied with necessary materials to do the work, instructions being given as to the location of the work and what was to be done, and whose work was inspected by defendant's representative and paid for at a prearranged schedule of prices, it was held that he was not an employee. He was paid so much for the job regardless of the time necessary to accomplish the result, and hiring, choice, and payment of assistants were matters for his determination. We held that the right to exercise sufficient control so as to bring the parties within an employer-employee relationship did not exist.

In the case at bar, the appellant did not have sufficient control of the actions of Crowley and Chapin and their employees required by that portion of section 42, quoted *supra,* so as to entitle claimant to receive benefits from the money contributed by appellant.

The judgment of the lower court is reversed, and the case remanded. No costs will be taxed.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.