MICHIGAN BULB COMPANY *v.* UNEMPLOYMENT COMPEN-
SATION COMMISSION.

1. UNEMPLOYMENT   COMPENSATION—PERFORMANCE   OF   SERVICE—
  CONTRACTS.

  The performance of service for remuneration under any con-
    tract of hire, written or oral is "employment," as that term
    is used in the unemployment compensation act (CL 1948,
    § 421.42, as amended by PA 1949, No 282).

2. SAME—ADDRESSING BLANKS—PURCHASE OF FINISHED PRODUCT.

  Typing names and addresses on blank cards, envelopes or stickers
    from lists furnished by plaintiff by persons over whom it
    exercised no control but paid for according to quantity typed
    and for results only, which typing was done off plaintiff's
    premises and without regard for the identity of the persons
    producing them *held,* not performance of service as employment
    under the unemployment compensation act but the purchase
    of a finished product (CL 1948, § 421.42, as amended by PA
    1949, No 282).

3. SAME—CONTRIBUTIONS—INTEREST.

  Interest on amount of contributions paid to unemployment com-
    pensation commission under protest is allowed from date
    of payment, where judgment is ordered entered for plaintiff
    contributor (CL 1948, § 421.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 58 Am Jur, Workmen's Compensation §§ 137, 138.
[1–3] Independent contractors and workmen's compensation acts.
    78 ALR 493.
  "Workman" or "operative" as distinguished from "independent
    contractor." 129 ALR 1006.
  Circumstances under which existence of relationship of employer
    and independent contractor is predicable. 19 ALR 1168.
  Test in determining whether one is an independent contractor. 75
    ALR 725.
  Tests of independent contractor relationship in the field of work-
    men's compensation. 134 ALR 1029; 147 ALR 828.
[4] 14 Am Jur, Costs § 91.

4. COSTS—PUBLIC QUESTION—UNEMPLOYMENT COMPENSATION—CON-
TRIBUTIONS PAID UNDER PROTEST.

    No costs are allowed in action to recover amounts paid under protest as contributions to unemployment compensation commission for typing done by persons on blanks furnished by plaintiff, a public question being involved (CL 1948, § 421.1 *et seq.*).

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 14, 1953. (Docket No. 3, Calendar No. 45,651.) Decided October 5, 1953.

Action by Michigan Bulb Company, a Michigan corporation, against Michigan Unemployment Compensation Commission to recover contributions paid under protest. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *George M. Bourgon,* Assistant Attorney General, for defendant.

DETHMERS, C. J. Plaintiff appeals from judgment of no cause for action in its suit to recover 2 employer's unemployment compensation contributions paid by it, under protest, to defendant commission, covering the fourth period of 1949 and the first period of 1950.

Plaintiff is engaged in the mail-order business of selling bulbs and nursery stock at retail. During the periods in question it was subject to the unemployment compensation act (PA 1936 [Ex Sess], No 1, as amended [CL 1948, § 421.1 *et seq.* (Stat Ann 1950 Rev § 17.501 *et seq.*)]). A number of years ago it began to need, for the distribution of advertising media and for shipping merchandise, certain cards,

envelopes or mailing stickers, bearing typewritten names and addresses thereon taken from its prospect or customer lists. Because its business was seasonal it did not maintain an office force to produce the same. Instead, it permitted various persons, at times as many as 70, to pick up or cause untyped cards, envelopes or stickers and the lists to be picked up at plaintiff's place of business, at intervals of about once a week and, at the same time, to return to plaintiff those previously picked up, if any, with the desired typing appearing thereon. For typed materials, so delivered to plaintiff, it paid at an agreed rate of so much per quantum. The typing was done off plaintiff's premises, originally with typewriters not owned by it, but later, in some instances, with its machines. The typing was not done by persons employed by plaintiff in the usual manner of its regular office help; no personal interviews or references were required of them. Plaintiff exercised no supervision or control over them, but did require that material taken out be returned within a specified time and request that it be returned completed and not piecemeal; they were paid on the basis of results only. At times plaintiff gave them checksheets showing their errors in previous typing. In its brief plaintiff says, as borne out by the record, that there was such lack of personal relationship between them and it that plaintiff did not necessarily know who actually had done the typing, payment being made solely for delivered results without regard for the identity of the persons producing them.

Plaintiff bases its claimed right to recover upon its contention that the typists were not its employees and, in that connection, stresses its lack of control or right of control over them in the production of the typed materials, citing *Bert Baker, Inc.*, v. *Ryce*, 301 Mich 84; *Acme Messenger Service Co.* v. *Unem-*

*ployment Compensation Commission,* 306 Mich 704; *O'Brian* v. *Unemployment Compensation Commission,* 309 Mich 18; *Palmer* v. *Unemployment Compensation Commission,* 310 Mich 702 (158 ALR 909); *Graystone Ballroom, Inc.,* v. *Baggott,* 319 Mich 87. It is to be noted that the periods involved in those cases antedated PA 1943, No 246, which amended the 1936 act and omitted therefrom the provision found in section 42,* subsection 4(a), (made section 42, subsection 6[a] by PA 1937, No 347) that one of the tests of "employment" under the act should be whether the person performing services was free from control or direction over his performance thereof.   In *Nordman* v. *Calhoun,* 332 Mich 460, stressed by defendant and relied upon by the lower court, which involved a period after the 1943 amendment, we said:

"In our opinion the statutory definition of 'employment' as provided in section 42(1) of the act is clear and unambiguous.   It means service performed for remuneration or under an oral or written contract for hire.   The only issue in the case at bar is to determine whether Date Scofield was an employee or an independent contractor."

This indicates that there still may be an independent contractor relationship not subject to the act.   How it can exist without the element of service for remuneration or under an oral or written contract for hire is not elucidated.   The gist of the opinion is that when service is performed for remuneration, there is employment subject to the act.
Was service performed for remuneration in the instant case?   We think not.   Rather, a finished product was delivered to plaintiff for which it paid a price.   This case is similar to and ruled by *Bert Baker, Inc.,* v. *Ryce,* 301 Mich 84, in the following

---

*This section was also amended by PA 1949, No 282.—Reporter.

respects: (1) Plaintiff did not contract for personal services, but only for results; (2) the employer-employee relationship did not result from the mere fact that plaintiff furnished the materials on which the typists worked or checked the typewritten materials for errors and advised the typists concerning the same, or furnished to others for a consideration some of the completed, typewritten materials.

Judgment reversed and cause remanded, with directions to enter judgment for plaintiff in the agreed amounts of $62.79, with interest from January 25, 1950, and $556.50, with interest from April 24, 1950. No costs, a public question being involved.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.